UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 11-10320-RWZ

JAMES M. GALLAGHER
and AMY E. GALLAGHER

v.

BANK OF AMERICA, N.A.

ORDER
June 12, 2012

ZOBEL, D.J.

Plaintiffs, Amy E. Gallagher and James. M. Gallagher, own a home in Foxboro, Massachusetts, on which defendant, Bank of America, N.A.,[1] holds a mortgage. They commenced this action for injunctive relief and damages because of an alleged wrongful failure by the defendant to modify their mortgage loan pursuant to the Home Affordable Modification Program. The complaint was filed in the Norfolk Superior Court, and defendant removed it to this court.

After plaintiffs moved to enjoin defendant from seeking or beginning foreclosure actions against them, the parties engaged in settlement discussions which, according to defendant, resulted in an agreement on April 9, 2012, the material terms of which were that plaintiffs would dismiss this lawsuit with prejudice and execute a general release in exchange for payment by defendant of $3,000. Although plaintiffs executed a release

---

[1] The original defendants were BAC Home Loans Servicing, LLP ("BAC"), and Bank of America, N.A. ("BANA"). Effective July 1, 2011, BAC was merged into BANA, and the parties moved to substitute BANA for BAC as the party-defendant. The motion (Docket # 20) is allowed.

and a written settlement agreement that reflects the agreed-upon terms, they refused to allow their counsel to forward them to defendant's counsel. Defendant has moved to enforce the settlement over plaintiffs' opposition.

There appears to be no dispute that on April 9, 2012, it was plaintiffs' counsel who offered to settle, that he proposed the material terms described above, and that defendant accepted the offer that same day on exactly those terms. Moreover, plaintiffs' counsel the next day informed the court of the settlement.[2] When defendant, three days later, e-mailed a written agreement and release, plaintiffs' counsel responded, "I will get executed."

Plaintiffs' counsel suggests that he did not, in fact, have either actual or apparent authority to settle. However, the record shows otherwise, and statements by one of the plaintiffs, Mr. Gallagher, make crystal clear that counsel at all times conducted himself completely professionally and in the interests of his clients. Mr. Gallagher's statement in open court also confirms that the settlement was not consummated because plaintiffs changed their mind after they heard about a settlement negotiated by the Attorney General of the Commonwealth, which was announced on April 24, 2012, that might have provided the plaintiffs greater benefits.

Because the parties had reached a binding agreement on April 9, 2012, the motion to enforce (Docket # 26) is ALLOWED. Plaintiffs' motion for a preliminary injunction (Docket # 16) is DENIED AS MOOT.

---

[2] Plaintiffs' counsel informed the Courtroom Clerk that "[t]he parties have reached agreement. . . . We are currently negotiating and will be filing a stipulation of dismissal with the court."

2

June 12, 2012
DATE

/s/ Rya W. Zobel
RYA W. ZOBEL
UNITED STATES DISTRICT JUDGE